UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ana Maria Gelhaye,                                    Case No. 21-CV-01585 (ECT/BRT)

     Plaintiff,

  vs.

John Doe 1, in his individual capacity as a           **DEFENDANT CITY OF**
Minneapolis Police Officer, JOHN DOES         **MINNEAPOLIS' ANSWER TO**
2-6, acting in their individual capacities as       **PLAINTIFF'S COMPLAINT**
Minneapolis Police Officers; JOHN DOES
7 and 8, acting in their individual and
official capacities as supervisory Police
Officers; and the CITY OF
MINNEAPOLIS, a municipal entity,

     Defendants.

---

For its Answer to Plaintiff's Complaint, Defendant City of Minneapolis ("City" or "Defendant") states and alleges as follow:

Unless specifically admitted, qualified, or otherwise pleaded herein, Defendant denies each and every allegation, heading, footnote, matter, and thing in Plaintiff's Complaint.

1. Defendant admits that Plaintiff claims to seek monetary damages in this action pursuant to the statute and amendments alleged in paragraph 1 of the Complaint, but affirmatively denies that Plaintiff is entitled to recover from Defendant in this action.

2. Defendant denies the allegations in the first sentence of paragraph 2 of the Complaint. The allegations in the second and third sentences of paragraph 2 call for a

legal conclusion to which no response is required, but to the extent a response is deemed to be required, the allegations are denied.

3. Defendant admits that Plaintiff claims in paragraph 3 of the Complaint to assert claims relating to training, supervision and policymaking against John Does 7-8. Defendant denies that Plaintiff is entitled to recover from Defendant.

4. Defendant admits that Plaintiff claims to assert a *Monell* claim in this action as alleged in paragraph 4 of the Complaint, but affirmatively denies that Plaintiff is entitled to recover from Defendant.

5. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint and it, therefore, denies the allegations.

6. Defendant admits that Plaintiff claims to be suing John Does 1-6 in their individual capacitates as alleged in paragraph 6 of the Complaint.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint and it, therefore, denies the allegations.

7. Defendant admits that Plaintiff claims to be suing John Does 7 and 8 in their individual and official capacities as alleged in paragraph 7 of the Complaint. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint and it, therefore, denies the allegations.

8. Defendant admits the allegations in the first sentence of paragraph 8 of the Complaint.  Defendant denies the allegations in the second sentence of paragraph 8 of the

Complaint and affirmatively alleges that the claims against Medaria Arradondo, both in his individual and official capacity, have been dismissed.

9.      Defendant admits the allegations in paragraph 9 of the Complaint.

10.     Defendant admits that Plaintiff purports to assert claims based on federal law as alleged in paragraph 10 of the Complaint, but affirmatively denies that Plaintiff is entitled to recover from Defendant in this action. Defendant admits that this Court has jurisdiction over this action.

11.     Defendant admits the allegations in paragraph 11 of the Complaint.

12.     The use of the phrase "stood by and refused to intervene" calls for a legal conclusion to which no response is required, but to the extent a response is deemed to be required, the allegation is denied.   Defendant admits the remaining allegations in the first sentence in paragraph 12 of the Complaint. Defendant admits that protests ensued in Minneapolis following a video of the incident involving George Floyd and Derek Chauvin. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 of the Complaint and it, therefore, denies the remaining allegations.

13.     Defendant admits that thousands of people protested in Minneapolis.  The last sentence of paragraph 13 is too vague in its reference to "city officials" to allow for responsive pleading, but to the extent a response is required, the allegation is denied. Defendant affirmatively alleges that many of the protests following the death of George Floyd were dangerous, unlawful, and violent.   Defendant denies any remaining allegations in paragraph 13 of the Complaint.

14.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 14 of the Complaint and it, therefore, denies the allegations.  Defendant denies the allegations in the second sentence of paragraph 14 of the Complaint.

15.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint.

16.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegation in paragraph 17 of the Complaint.

18.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 18 of the Complaint and it, therefore, denies the allegations.  Defendant denies the allegations in the second sentence of paragraph 18 of the Complaint.

19.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 19 of the Complaint and it, therefore, denies the allegations.  The temporal period associated with the remaining allegations in paragraph 19 of the Complaint are too vague to allow for responsive pleading, but to the extent a response is required, the remaining allegations are denied.

20.     The temporal period associated with the allegations in paragraph 20 of the complaint are too vague to allow for responsive pleading, but to the extent a response is required, the allegations are denied.

4

21.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint and it, therefore, denies the allegations.

22.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and it, therefore, denies the allegations.

23.     Upon information and belief, Defendant admits that Plaintiff was not charged with a crime.  Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in paragraph 23 of the Complaint and it, therefore, denies the remaining allegations.

24.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and it, therefore, denies the allegations.

25.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint and it, therefore, denies the allegations.

26.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint and it, therefore, denies the allegations.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant  denies the allegations in paragraph 28 of the Complaint.

29.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and it, therefore, denies the allegations.

30.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint and it, therefore, denies the allegations.

31.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint and it, therefore, denies the allegations.

32.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint and it, therefore, denies the allegations.

33.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and it, therefore, denies the allegations.

34.    Defendant denies the allegations in paragraph 34 of the Complaint.

35.    Defendant denies the allegations in paragraph 35 of the Complaint.

36.    Defendant denies the allegations in paragraph 36 of the Complaint.

37.    Defendant denies the allegations in paragraph 37 of the Complaint.

38.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint and it, therefore, denies the allegations.

39.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint and it, therefore, denies the allegations.

40.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint and it, therefore, denies the allegations.

41.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint and it, therefore, denies the allegations.

42.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint and it, therefore, denies the allegations.

43.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint and it, therefore, denies the allegations.

44.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint and it, therefore, denies the allegations.

45.     Defendant admits that Section 5-317 of the MPD policy in place in May 2020 addressed the use of 40mm launchers by officers that are not working in a SWAT capacity. Defendant lacks knowledge and information sufficient to form a belief about

the truth of the remaining allegations in paragraph 45 of the Complaint and it, therefore, denies the allegations.

46. Defendant admits that paragraph 46 of the Complaint selectively quotes parts of Section 5-317 of the MPD policy in place in May 2020, but denies that the specific citations are accurate.

47. Defendant admits that paragraph 47 of the Complaint quotes Section 5-317(II) of the MPD policy in place in May 2020.

48. Defendant admits that Section 5-317(III)(D) of the MPD policy in place in May 2020, which applied to officers that were not working in a SWAT capacity, stated, "Officers shall not deploy 40mm launchers for crowd management purposes." Defendant denies any remaining allegations in paragraph 48 of the Complaint.

49. Defendant admits that the first sentence in paragraph 49 of the Complaint quotes Section 5-317(III)(B)(1) of the MPD policy in place in May 2020. With respect to the second sentence of paragraph 49 of the Complaint, Defendant admits that Section 5-317(B)(1) of the MPD policy in place in May 2020, stated, "The primary target areas for the 40mm less-lethal round should be the large muscle groups in the lower extremities including the buttocks, thigh, knees. Alternative target areas include the ribcage area to the waist, and the larger muscle areas of the shoulder areas. Areas to avoid when using the 40mm less-lethal round are the head, neck, spinal cord, groin and kidneys." Defendant denies any remaining allegations in paragraph 49 of the Complaint

50. Defendant admits that Section 5-317(IV)(B)(1) of the MPD policy in place in May 2020, stated, "Areas to avoid when using the 40mm less-lethal round are the

head, neck, spinal cord, groin and kidneys." Defendant denies any remaining allegations in paragraph 50 of the Complaint.

51.     Defendant admits that Section 5-317(IV)(B)(2) of the MPD policy in place in May 2020, stated, in part, "Officers shall be aware that the delivery of the 40mm impact projectiles to certain parts of the human body can cause grievous injury that can lead to a permanent physical or mental incapacity or possible death. " Defendant denies any remaining allegations in paragraph 51 of the Complaint.

52.     Defendant admit that Section 5-317(IV)(B)(2) of the MPD policy in place in May 2020, stated, in part, "Areas susceptible to death or possible severe injury are the head, neck, throat and chest (in vicinity of the heart). Unless deadly force is justified, officers should avoid the delivery of 40mm impact projectiles to any of the above-described areas. " Defendant denies any remaining allegations in paragraph 52 of the Complaint.

53.     Defendant admits that Section 5-317(IV)(F)(1)-(2) of the MPD policy in place in May 2020, which applied to officers that were not working in a SWAT capacity, stated, "1. Medical assistance shall be rendered as necessary in accordance with P&P 5-306 and the Emergency Medical Response policy (P&P 7-350). 2. If possible, photographs should be taken of any injuries to the suspect." Defendant denies any remaining allegations in paragraph 53 of the Complaint.

54.     Defendant admits that Section 5-317(IV)(G)(1)-(2) of the MPD policy in place in May 2020, which applied to officers that were not working in a SWAT capacity, stated, "1. Officers that deploy a 40mm less-lethal round shall report the force in

accordance with P&P 5-306, and shall complete a report entitled "FORCE." 2. Officers who deploy a less-lethal round shall immediately notify dispatch, who will notify a supervisor." Defendant denies any remaining allegations in paragraph 54 of the Complaint.

55.     Defendant admits that Section 5-317(IV)(G)(3)-(4) of the MPD policy in place in May 2020, which applied to officers that were not working in a SWAT capacity, stated, "3. A supervisor shall respond to the scene any time a 40mm less-lethal round is used. The responding supervisor shall review the incident and complete a use of force review in accordance with P&P 5-307. 4. Supervisors shall ensure that all spent 40mm less-lethal rounds are collected and property inventoried if possible." Defendant denies any remaining allegations in paragraph 55 of the Complaint.

56.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Complaint and it, therefore, denies the allegations.

57.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint and it, therefore, denies the allegations.

58.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Complaint and it, therefore, denies the allegations.

59.     The allegations in paragraph 59 of the Complaint call for a legal conclusion to which no response is required, but to the extent a response is deemed to be required, the allegations are denied.

60.     Defendant denies the allegations in paragraph 60 of the Complaint.

61.     Defendant denies the allegations in paragraph 61 of the Complaint.

62.     Defendant states that the allegations in paragraph 62 of the Complaint are too vague to allow for responsive pleading. To the extent a response is required, Defendant denies the allegations in paragraph 62 of the Complaint

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant states that the allegations in paragraph 64 of the Complaint with respect to the "central tenet" of the MPD's policies and procedures are too vague to allow for responsive pleading. To the extent a response is required, Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Upon information and belief, Defendant denies the allegations in paragraph 66 of the Complaint.

67.     Defendant denies the allegations in paragraph 67 of the Complaint.

68.     Defendant admits that MPD policy requires officers to remain on the scene and notify a supervisor, but deny that the constitution or other law requires the John Doe Officer or any other officer to remain on scene to report force to a supervisor.

69.     Defendant admits that Section 5-306 of the MPD policy in place in May 2020, stated, in part, that a "CAPRS report entitled "FORCE" shall be completed as soon

as practical, but no later than the end of that shift." Defendant denies any remaining allegation in paragraph 69 of the Complaint.

70.     Defendant admits that Section 5-306 of the MPD policy in place in May 2020, stated, in part, that a "supplement describing the use of force incident in detail shall be completed and entered directly into the CAPRS reporting system (no handwritten force reports). Defendant denies any remaining allegation in paragraph 70 of the Complaint.

71.     Defendant admits that Section 4-602(A) of the MPD policy in place in May 2020, stated, in part, that all police reports shall include a short public narrative statement describing the offense or incident. Defendant denies the remaining allegations in paragraph 71 of the Complaint.

72.     Defendant states that the allegations in paragraph 72 of the Complaint with respect to certain information being "readily available" are too vague to allow for responsive pleading. To the extent a response is required, Defendant denies the allegations in paragraph 72 of the Complaint. Defendant denies that the gathering of the information listed in paragraph 72 of the Complaint was possible in the situation that was facing the officers at the time of the events alleged in Plaintiff's Complaint.

73.     Defendant denies the allegations in paragraph 73 of the Complaint.

74.     Defendant denies the allegations in paragraph 74 of the Complaint.

75.     Defendant denies the allegations in paragraph 75 of the Complaint.

76.     Defendant denies the allegations in paragraph 76 of the Complaint.

77.     Defendant denies the allegations in paragraph 77 of the Complaint.

78.     Defendant denies the allegations in paragraph 78 of the Complaint.

79.     Defendant denies the allegations in paragraph 79 of the Complaint.

80.     Defendant denies the allegations in paragraph 80 of the Complaint.

81.     Defendant denies the allegations in paragraph 81 of the Complaint.

82.     Defendant denies the allegations in paragraph 82 of the Complaint.

83.     Defendant denies the allegations in paragraph 83 of the Complaint.

84.     Defendant denies the allegations in paragraph 84 of the Complaint.

85.     Defendant denies the allegations in paragraph 85 of the Complaint.

86.     Defendant denies the allegations in paragraph 86 of the Complaint.

87.     Defendant states that the allegations in paragraph 87 of the Complaint with respect to the "area of Gelhaye's shooting" are too vague to allow for responsive pleading. To the extent a response is required, Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant denies the allegation in paragraph 88 of the Complaint.

89.     Defendant admits that Section 4-223 of the MPD policy in place in May 2020, stated, in part, that "[i]f a BWC is not activated prior to a use of force, it shall be activated as soon as it is safe to do so." Defendant denies any remaining allegations in paragraph 89 of the Complaint.

90.     Defendant states that Section 4-223(8)(a)-(d) of the MPD policy in place in May 2020 speaks for itself. To the extent that a response to paragraph 90 of the Complaint is still deemed to be required, the allegation is denied.

91.     Defendant states that Section 4-223(6)(d) of the MPD policy in place in May 2020 speaks for itself. Defendant states that the allegations in paragraph 91 of the Complaint are too vague to allow for responsive pleading, particularly with respect to the term "Fail safes." To the extent a response is required, Defendant denies the allegations in paragraph 91 of the Complaint.

92.     Defendant denies the allegations in paragraph 92 of the Complaint.

93.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 93 of the Complaint in so far as they assume the existence of a "shooter" or "other involved officers" and it, therefore, denies the allegations.  Defendant admits that the Plaintiff has not identified any of the John Doe Officers.

94.     Defendant denies the allegations in paragraph 94 of the Complaint.

95.      Defendant admits that Section 5-101.01 of the MPD policy in place in May 2020, stated:

> The integrity of police service is based on truthfulness. Officers shall not willfully or knowingly make an untruthful statement, verbally or written, or knowingly omit pertinent information pertaining to his/her official duty as a Minneapolis Police Officer.
>
> MPD employees shall not willfully or knowingly make an untruthful statement or knowingly omit pertinent information in the presence of any supervisor, intended for the information of any supervisor, or before any court or hearing. Officers shall not make any false statements to justify a criminal or traffic charge or seek to unlawfully influence the outcome of any investigation. (12/14/07)
>
> These requirements apply to any report, whether verbal or written, concerning official MPD business including, but not limited to, written

reports, transmissions to MECC and officers via radio, telephone, pager, e-mail or MDC.

MPD employees are obligated under this policy to respond fully and truthfully to questions about any action taken that relates to the employee's employment or position regardless of whether such information is requested during a formal investigation or during the daily course of business. (12/14/07)

Defendant denies the remaining allegations in paragraph 95 of the Complaint.

96.     Defendant denies the allegations in paragraph 96 of the Complaint.

97.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 97 of the Complaint and it, therefore, denies the allegations.

98.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 98 of the Complaint and it, therefore, denies the allegations.

99.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 99 of the Complaint and it, therefore, denies the allegations.

100.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 100 of the Complaint and it, therefore, denies the allegations.

101.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 101 of the Complaint and it, therefore, denies the allegations.

102.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 102 of the Complaint and it, therefore, denies the allegations.

103.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 103 of the Complaint and it, therefore, denies the allegations.

104.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 104 of the Complaint and it, therefore, denies the allegations.

105.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 105 of the Complaint and it, therefore, denies the allegations.

106.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 106 of the Complaint and it, therefore, denies the allegations.

107.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 107 of the Complaint and it, therefore, denies the allegations.

108.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 108 of the Complaint and it, therefore, denies the allegations.

## COUNT I

**42 U.S.C. § 1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS**
*Plaintiff v. Defendant John Doe 1*

109.    Paragraph 109 of the Complaint is not susceptible to responsive pleading. Defendant realleges and reincorporate their responses to preceding paragraphs of the Complaint.

110.    The allegations in paragraph 110 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 110 of the Complaint.

111.    The allegations in paragraph 111 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 111 of the Complaint.

112.    The allegations in paragraph 112 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 112 of the Complaint.

113.    The allegations in paragraph 113 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 113 of the Complaint.

## COUNT II

**42 U.S.C. § 1983 – FIRST AND FOURTEENTH AMENDMENT VIOLATIONS**
***Plaintiff v. Defendants John Does 1-6***

114.    Paragraph 114 of the Complaint is not susceptible to responsive pleading. Defendant realleges and reincorporate its response to preceding paragraphs of the Complaint.

115.    The allegations in paragraph 115 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 115 of the Complaint.

116.    The allegations in paragraph 116 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 116 of the Complaint.

117.    The allegations in paragraph 117 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 117 of the Complaint.

118.    The allegations in paragraph 118 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 118 of the Complaint.

119.    The allegations in paragraph 119 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 119 of the Complaint.

120.    The allegations in paragraph 120 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 120 of the Complaint.

121.    The allegations in paragraph 121 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 121 of the Complaint.

## COUNT III

### 42 U.S.C. § 1983 – CONSPIRACY TO INTERFERE WITH THE ASSERTION OF GELHAYE'S RIGHTS UNDER THE CONSTITUTION AND 42 U.S.C. § 1983
### *Plaintiff v. Defendants John Does 1-6*

122.    Paragraph 122 of the Complaint is not susceptible to responsive pleading. Defendant realleges and reincorporate its responses to preceding paragraphs of the Complaint.

123.    The allegations in paragraph 123 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 123 of the Complaint.

124.    The allegations in paragraph 124 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 124 of the Complaint.

125.    The allegations in paragraph 125 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 125 of the Complaint.

126.    The allegations in paragraph 126 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 126 of the Complaint.

127.    The allegations in paragraph 127 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 127 of the Complaint.

128.    The allegations in paragraph 128 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 128 of the Complaint.

## **COUNT IV**

**SUPERVISORY LIABILITY**
*Plaintiff v. Defendants John Does 7-8,*
*in their individual capacities*

129.    Paragraph 129 of the Complaint is not susceptible to responsive pleading. Defendant realleges and reincorporate its responses to preceding paragraphs of the Complaint.

130.    The allegations in paragraph 130 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 130 of the Complaint. Defendant affirmatively alleges that the claims against Medaria Arradondo have been dismissed.

131.    The allegations in paragraph 131 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 131 of the Complaint.

132.    The allegations in paragraph 132 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 132 of the Complaint.

133.    The allegations in paragraph 133 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 133 of the Complaint.

134.    The allegations in paragraph 134 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 134 of the Complaint.

135.    The allegations in paragraph 135 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 135 of the Complaint. Defendant affirmatively alleges that the claims against Medaria Arradondo have been dismissed.

136.    The allegations in paragraph 136 of the Complaint are directed at another party and, therefore, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph 136 of the Complaint.

## COUNT V

### CIVIL RIGHTS VIOLATIONS MONELL V. DEP'T OF SOCIAL SERVICES
*Plaintiff v. Defendants City of Minneapolis, and Does 7-8,*
*in their official capacities*

137.    Paragraph 137 of the Complaint is not susceptible to responsive pleading. Defendant realleges and reincorporate its responses to preceding paragraphs of the Complaint.

138.    Defendant denies the allegations in paragraph 138 of the Complaint.

139.    Defendant denies the allegations in paragraph 139 of the Complaint.

140.    Defendant denies the allegations in paragraph 140 of the Complaint.

141.    Defendant denies the allegations in paragraph 141 of the Complaint.

## PRAYER FOR RELIEF

The request for relief is not subject to responsive pleading.  To the extent that the prayer for relief can be construed to contain allegations against the Defendant, the allegations are denied.  Defendant expressly denies that the Plaintiff is entitled to any relief as against Defendant.

## JURY DEMAND

Defendant demands a jury trial.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Service of process on one or more of the Defendants in this action is insufficient.

3.      The actions and uses of force by the John Doe Officers or officers of the Minneapolis Police Department were objectively reasonable, commanded or authorized by law, and they are immune from liability under the doctrines of qualified immunity or other legal immunity.

4.      Plaintiff's injuries or damages, if any, were caused, contributed to or brought about by the intentional, negligent, unlawful, or unreasonable acts or conduct of others, including Plaintiff.

5.      The actions of the John Doe Officers, at the time relevant to this action, were justified by the doctrines of self-defense or the defense of others.

6.      Plaintiff has failed to mitigate her alleged damages, if any.

7.      Plaintiff is not entitled to recover attorneys' fees or any other costs or expenses in this action.

8.      The policies, procedures and customs authorized and permitted by the Defendant with regard to Plaintiff or protestors, use of force, or reporting or recording of incidents were fair and legal in both form and operation.

9.      Defendant was not deliberately indifferent to and has not tacitly authorized excessive force, curtailment of first amendment rights, first amendment retaliation, or a failure to report or record incidents involving MPD officers, and Defendant's training and policies fulfill or exceed constitutional requirements.

10.     Defendant's actions or the actions of Minneapolis Police Department officers at the relevant time were justified by the actions of others over whom Defendant had no control.

11.     Plaintiff had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiff complains; further Plaintiff voluntarily assumed any risk inhered in the situation that gave rise to the Complaint.

12.     Defendant is not liable for punitive damages, if any, under applicable law.

13.     The Complaint against Defendant is contrary to public policy.

14.     The Complaint is barred by the doctrine of execution of a public duty.

15.     Plaintiff's First Amendment rights are subject to reasonable time, manner and place restrictions.

16.     The actions of Defendant in responding to civil unrest between May 26, 2020, and May 31, 2020, were taken in good faith and in response to the legitimate safety requirements of the situation and not motivated by Plaintiff's alleged exercise of First Amendment rights.

17.     The City of Minneapolis is municipality, and therefore is immune from liability for claims pursuant to 42 U.S.C. § 1983 that are based upon the concept of respondeat superior.

18.     Defendant reserves the right to assert any additional affirmative defenses that are discovered through discovery or the investigation of Plaintiff's claims including affirmative defenses recognized by the Federal Rules of Civil Procedure. Pending further discovery, Defendants allege and incorporate all such affirmative defenses set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, Defendant prays for an Order of this Court as follows:

1.      Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2.      Awarding Defendant all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.      For such other and further relief as this Court deems appropriate.

Dated: September 7, 2021                JAMES R. ROWADER, JR.
                                        City Attorney
                                        By
                                        */s Kristin R. Sarff*
                                        KRISTIN R. SARFF (#0388003)
                                        SHARDA ENSLIN (#0389370)
                                        HEATHER ROBERTSON (#0390470)
                                        Assistant City Attorneys
                                        Minneapolis City Attorney's Office
                                        City Hall, Room 210
                                        350 South Fifth Street
                                        Minneapolis, MN  55415

                                        *Attorneys for Defendant City of Minneapolis*