# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ana Maria Gelhaye,<br><br>               Plaintiff,<br><br>v.<br><br>John Doe 1, in his individual capacity as Minneapolis Police Officer, John Does 2-6, acting in their individual capacities as Minneapolis Police Officers, John Does 7 and 8, acting in their individual and official capacities as supervisory Police Officers, and City of Minneapolis, a municipal entity,<br><br>               Defendants. | Civ. No. 21-1585 (ECT/BRT)<br><br>**FIRST AMENDED PRETRIAL SCHEDULING ORDER** |

This matter is before the Court on the parties' Joint Stipulation to Amend Scheduling Order. (Doc. No. 18). IT IS HEREBY ORDERED that the Pretrial Scheduling Order (Doc. No. 12) is amended as outlined below. All other deadlines and requirements set forth in the Pretrial Scheduling Order dated September 23, 2021 (Doc. No. 12) remain in full force and effect.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule will govern these proceedings unless modified by this Court's order. This Pretrial Scheduling Order has been tailored to the needs of the case with the input of the parties. The parties and their counsel must diligently work to meet all the deadlines and obligations set forth in the Order.

**STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER**

If the parties agree on proposals to amend this Pretrial Scheduling Order, a formal motion is not necessary unless the provision on "Modification of a Scheduling Order" below applies. Any stipulation to support a proposed amendment must show good cause and explain how the requirements of Local Rule 16.3 are satisfied. Agreement between the parties is not sufficient. Stipulated proposals must be filed, and the parties must submit a proposed order in Word format to chambers at thorson_chambers@mnd.uscourts.gov.

**MODIFICATION OF A SCHEDULING ORDER—CIRCUMSTANCES WHERE MOTION IS REQUIRED**

If any portion of a proposed amended scheduling order seeks to resurrect an expired deadline, or is opposed, a motion to modify the Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed any issues about preserving discoverable information. The parties have also discussed the scope of discovery, including relevance and proportionality. The parties agree on the following:

*Template date March 2020*

> Documents shall be produced in text-searchable .pdf format with the exception of presentations, photographs, and videos which shall be produced in native format where possible. Body-worn camera videos will be produced as .mp4 files and with information identifying the officer making the recording, the title and id number assigned to the recording by the recording officer, the date and time recorded, and the duration of the recording.
>
> Discovery requests requiring a voluminous document review shall not be fulfilled until the parties have met and conferred upon reasonable search terms with the goal of requiring only a single review of a document set.

The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **within 30 days of the issuance of a Protective Order**.

2. The parties must commence fact discovery procedures in time to be completed on or before **June 15, 2022**.[1]

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Fed.

---

[1] This Scheduling Order may permit discovery after other deadlines have passed. As just one example, a motion to amend deadline may expire during the discovery period and discovery necessary to meet the deadline must be diligently pursued prior to the expiration of the motion to amend deadline.

3

*Template date March 2020*

R. Civ. P. 33(a), shall be served by either side.[2]

2. No more than 25 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 25 requests for admissions shall be served by each side. A request to admit the genuineness of a document must be accompanied by a copy of the document or, if it was initially provided by the party from whom the admission is sought, by reference to the bates number.

4. No more than 15 factual depositions, excluding expert witness depositions, shall be taken by each side. The parties have discussed taking the depositions remotely.

5. The parties have discussed the procedures for noticing and taking Rule 30(b)(6) depositions and agree to the following:

   The parties agree that no more than 1 Rule 30(b)(6) deposition shall be taken by each side. Plaintiff shall provide a notice of deposition and list of deposition topics at least 30 days in advance of any Rule 30(b)(6) deposition.

6. No more than 1 Rule 35 medical examination per medical specialty shall be taken. All Rule 35 medical examinations must be taken before **June 30, 2022**, if a party puts his/her medical or psychological condition at issue.

7. The parties have reached the following additional agreements concerning discovery:

   Physical inspection of any property Plaintiff alleges was damaged must be completed by the close of fact discovery.

   The parties have discussed the impact of COVID-19 and the national response to the epidemic on this litigation. Counsel believe that this

---

[2] Counsel noted that additional interrogatories, document requests, and requests for admission may be necessary if John Does are identified.

*Template date March 2020*

epidemic might affect the discovery phase of this case in the following ways:

(i) Depositions may be conducted remotely, though this process will be revisited once facts and circumstances surrounding the pandemic change.

(ii) Documents should be considered as having been properly served if the documents are made available for download via a secure sharing platform such as Sharepoint, or sent as email attachments.

**DEADLINES FOR EXPERT DISCOVERY**

1. The plaintiff anticipates calling up to 4 experts in the fields of ophthalmology, psychology, and use of force. The defendant City of Minneapolis anticipates calling 5 or more experts (dependent on medical specialties involved in Plaintiff's alleged injuries) in the fields of force and/or less-lethal munitions, police training, supervision and discipline, medicine and healthcare, and economics, wages, and vocational rehabilitation. Counsel for the parties must meet and confer to discuss updates to their anticipated experts and their fields of expertise by **June 1, 2022**. This requirement is intended to avoid surprises and to allow each side to retain and work with experts efficiently. This early deadline also provides the parties time to request any amendment of the scheduling order regarding the sequencing of expert disclosures. Counsel should meet and confer about the expert schedule and propose any modifications to the Pretrial Scheduling Order on experts by **June 15, 2022**.

2. The identity of any Plaintiff's expert who may testify at trial regarding issues on which Plaintiff has the burden of persuasion must be disclosed on or before **July 15, 2022**.

3. The Plaintiff's full expert disclosures, completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before **August 15, 2022**.

4. The identity of any expert who may testify at trial for Defendants must be disclosed on or before **September 15, 2022**.

5. The Defendants full expert disclosures, completed in accordance with Fed. R. Civ. P. 26 (a)(2)(B), must be served on or before **October 14, 2022**.

*Template date March 2020*

6. All expert discovery, including expert depositions, must be completed by **November 15, 2022**. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

7. Each side may depose any fully disclosed expert. Each side may take 1 deposition per expert.

## NON-DISPOSITIVE MOTION DEADLINES

1. Motions seeking to join other parties must be filed and served by **April 15, 2022**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

2. Motions seeking to amend the pleadings must be filed and served by **April 15, 2022**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

3. Motions seeking an amendment of the pleadings to add a claim for punitive damages, *if applicable*, must be filed and served by **April 15, 2022**.

4. Other non-dispositive motions.

    a) All non-dispositive motions relating to fact discovery must be filed and served by **July 1, 2022**.

    b) All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **December 15, 2022**.

    c) The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

## PRIVILEGE

Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that a legal claim was received by Defendants or Plaintiff's first complaint was

6

*Template date March 2020*

filed in this action. Privilege logs must be provided by the producing party within 30 days of the production from which documents were withheld or by the deadline for the close of fact discovery, whichever is **later**.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling the Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Chambers must be contacted to set the date for submission of the matter to the Court. When there is no oral argument, the matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties should jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different

7

briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

**DISCOVERY DISPUTES (NOT INVOLVING THIRD PARTIES)**

Before formally moving for an order relating to discovery or when requesting IDR (as provided below) the movant must request a telephone conference with the Court. This request for a telephone conference must be made well in advance of any upcoming deadlines relating to the discovery dispute. The movant must meet and confer with the opposing side to make the request and coordinate the submission of a SHORT JOINT EMAIL to chambers at thorson_chambers@mnd.uscourts.gov setting forth:

    a)    a short description of the discovery dispute;

    b)    the parties' positions on informal dispute resolution;

    c)    the deadline for fact discovery and how the discovery dispute affects the deadline; and

    d)    possible dates and times for a telephone conference.

No attachments are permitted. The Court will either then schedule a conference call or will set a schedule for informal dispute resolution letters and a subsequent informal IDR telephone hearing, if necessary. The telephone conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.

*Template date March 2020*

## INFORMAL DISPUTE RESOLUTION (IDR) (NOT INVOLVING THIRD PARTIES)

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.**

If the parties agree to pursue the IDR process, the Court will set up the schedule and process for informal letters to be submitted. The Court will likely set up an informal IDR telephone hearing date. If the parties wish to proceed with IDR in a manner other than that previewed above, the short joint email must include a specific proposal for the Court to consider.

## DISCOVERY DISPUTES – FORMAL MOTION PRACTICE

As discussed above, except in disputes involving third parties or pursuant to other Court orders, the moving party must first request a telephone conference with the Court. Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. One suggested approach is set forth below.

| Insert the actual written discovery request |
| --- |
| Insert the actual response and objections |
| Insert positions after meet and confer to make clear any compromise positions offered by either side |

*Template date March 2020*

|   |
|---|
| Legal argument |
| Specific relief sought (the Court strongly encourages the moving party to submit a detailed proposed order.  Generic proposed orders are not helpful.) |

The history and current status of the dispute should be clear to the Court without having to cross-reference multiple exhibits.

If a party claims that responding to discovery presents an undue burden, the responding party must present evidence supporting this objection in their motion papers.

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits to understand the:

- requests at issue;
- responses and basis for objections;
- parties' positions after their meet and confer sessions;
- legal arguments; and
- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**DISPOSITIVE MOTIONS**

All dispositive motions must be filed and served by the moving party on or before **January 15, 2023**. Counsel for the moving party should schedule the hearing shortly

*Template date March 2020*

before filing their motion papers by calling the Courtroom Deputy for Judge Eric Tostrud, at **651-848-1190**. The parties must comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

Two courtesy copies of all memoranda and one courtesy copy of all supporting documents should be delivered to Judge Tostrud's chambers no later than the next business day after documents are filed on ECF. Judge Tostrud prefers that the courtesy copies be three-hole punched; unstapled; printed double-sided, if feasible; and, if voluminous, appropriately tabbed.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

*Template date March 2020*

**PROTECTIVE ORDER**

A protective order is in place (Doc. No. 17.)

**FILING DOCUMENTS UNDER SEAL**

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) to segregate privileged and/or protected information before production.

**SETTLEMENT CONFERENCE**

A settlement conference will take place on **March 8, 2022**. A separate Order for Settlement Conference has been issued. (Doc. No. 13.)

*Template date March 2020*

**TRIAL**

This case will be ready for a **jury** trial on or about **May 15, 2023**. The anticipated length of trial is **5-7** days.

Date:   February 4, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

*Template date March 2020*